Ms. Debbie Califf, City Clerk City of Bull Shoals Post Office Box 390 Bull Shoals, AR 72619-0390
Dear Ms. Califf:
You have requested an Attorney General's opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records that have been requested under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.). You have provided a copy of the FOIA request, which seeks access to records from the requester's personnel file. You have asked for an explanation of the proper procedure to be followed.
RESPONSE
It must be initially noted that although the FOIA request in this instance states that the requester is seeking copies of records from his personnel file, several of the records referenced in the request do not appear to constitute "personnel or evaluation records." This is not to say that the requester may not inspect and copy the other records that he seeks. This opinion is limited, however, to the FOIA as it pertains to personnel or evaluation records.[1] He is entitled to the other records only if they are disclosable to the public generally, as that is his only method of obtaining access under the FOIA to records which are not his own personnel or evaluation records.
Although the FOIA does not define the term "personnel records," this office has opined that "personnel records" are any records other than evaluation records that relate to the individual employee. See, e.g.,
Op. Att'y Gen. Nos. 2003-055; 2002-085; 2001-154; 99-147. The term "evaluation records" encompasses "employee evaluation or job performance records." See A.C.A. § 25-19-105(c)(1). Similar to personnel records, "evaluation records" are undefined. This office has consistently taken the position, however, that any records that were created at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. Nos. 98-006; 97-222; 95-351; 94-306; 93-055.
The FOIA provides for an employee's access to his or her own personnel and evaluation records. Arkansas Code Annotated § 25-19-105(c)(2) (Supp. 2003), states that:
 Any personnel or evaluation records exempt from disclosure under this chapter shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative.
When a third party seeks access to an employee's personnel or evaluation records, the applicable standard for disclosure of such records must be considered. Personnel records are disclosable except to the extent that their disclosure would constitute a clearly unwarranted invasion of the employee's personal privacy. A.C.A. § 25-19-105(b)(12) (Supp. 2003). Employee evaluation records are open for public inspection only if a final administrative decision has been made to suspend or terminate the employee, the records form a basis for the suspension or termination decision, and there is a compelling public interest in their disclosure. A.C.A. § 25-19-105(c)(1) (Supp. 2003). These tests for disclosure are irrelevant, however, when an employee seeks his or her own personnel or evaluation records.
It must therefore be determined which of the particular records sought in this instance constitute personnel or evaluation records that must be released to the requester pursuant to A.C.A. § 25-19-105(c)(2), supra. I have not seen the records and cannot make this determination based on the request, which cryptically refers to various types of records. As indicated above, however, records that relate to this individual employee or that were created at the behest of the employer and that detail his job performance generally constitute personnel or evaluation records and must be made available to the employee pursuant to A.C.A. §25-19-105(c)(2).[2]
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Section 25-19-105(c)(3)(B) places a duty on this office to determine whether the custodian's decision with respect to the release of personnel or evaluation records is consistent with the FOIA. Because the directive only extends to "personnel" or "evaluation" records, this opinion does not address any issues pertaining to the release of other records. As a general matter, however, all records maintained in public offices or by public employees within the scope of their employment are presumed to be "public records." A.C.A. § 25-19-103(5)(A). Such records are open to public inspection and copying under the FOIA, unless a specific exemption applies. A.C.A. § 25-19-105(a)(1). It may be advisable to consult your city attorney for guidance in considering possible exemptions with respect to other particular records in this instance.
[2] Regarding the reference to "records of Employment Security Division," please note that the Employment Security Law contains a confidentiality requirement that applies to "information obtained by the director from any employing unit or individual pursuant to the administration of [the employment security law]." A.C.A. § 11-10-314 (a) (1) (Supp. 2003). I have previously opined that this exemption extends to a copy of such information that is retained by the employing unit. See
Op. Att'y Gen. 2003-073. The information may not be disclosed to the public "in any manner revealing the individual's or employing unit's identity." Id. at subsection (a) (2) (B). An individual may, however, be provided such information "to the extent that the information was provided by him or her[.]" I do not know to what extent this exemption is implicated in this instance. You may wish to contact the Arkansas Employment Security Department if you have a specific question in this regard.